UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**SLEEP AND WELLNESS MEDICAL ASSOCIATES, LLC**

    *Plaintiff,*

  v.

**HORIZON HEALTHCARE SERVICES, INC.,**

    *Defendant.*

Civil Action No. 14-6640

ORDER

    This matter comes before the Court by way of Defendant Horizon Healthcare Services, Inc.'s Motion to Dismiss Plaintiff Sleep and Wellness Medical Associates, LLC's Amended Complaint, Dkt. No. 42;

    And it appearing that Plaintiff seeks (1) declaratory and injunctive relief that Defendant's reversals of benefits determinations made between 2009 and April 2014 and Defendant's attempts to recover payments made are unlawful, pursuant to ERISA, Am. Compl. ¶ 87; (2) to recover benefits for a variety of ERISA-governed claims Horizon failed to pay since April 2014, id. ¶ 104; and (3) to recover benefits for a variety of PPACA-governed claims Horizon failed to pay from 2009 to April 2014, id. ¶ 126;

    And it appearing that Defendant seeks to dismiss the entire case, arguing that Plaintiff has no standing to sue under ERISA as either a common law assignee or as a statutory beneficiary;

    And it appearing that Plaintiff pled the existence of at least one assignment of benefits and right to sue by a patient, id. ¶ 20, Ex. B;

    And it appearing that the Third Circuit recently held that "as a matter of federal common law, when a patient assigns payment of insurance benefits to a healthcare provider, that provider

1

gains standing to sue for that payment under ERISA § 502(a). An assignment of the right to payment logically entails the right to sue for non-payment." N. Jersey Brain & Spine Ctr. v. Aetna, Inc., No. 14-2101, 2015 WL 5295125, at *2 (3d Cir. Sept. 11, 2015); and

Therefore, the Court denies Defendant's motion to dismiss based on whether the assignments actually grant ERISA standing at this stage;[1]

And it appearing that Defendant also seek to dismiss Plaintiff's request for a declaratory judgment that Defendant's prior reversals of benefits and attempts to recover payments made on those benefits is unlawful pursuant to ERISA, arguing that "ERISA does not preempt state law fraud claims," Defs.' Mot. to Dismiss at 20;

And it appearing that at least some common law fraud claims may not be preempted by ERISA, see Geller v. County Line Auto Sales, Inc., 86 F.3d 18, 23 (2d Cir. 1996);

And it further appearing that some prior reversals of benefits may be unlawful pursuant to ERISA;

And it appearing that Defendant seeks recoupment for arguably thousands of claims from 2009 to 2014 comprising $3.8 million, Am. Compl. at 4, and whether a particular claim may be barred by ERISA or the basis of a common law fraud claim cannot be determined at this stage from the pleadings;

Therefore the Court denies Defendant's motion to dismiss Plaintiff's claim for declaratory judgment as premature;

And it appearing that Defendant also seeks to dismiss Plaintiff's state law claims concerning patients "covered under Plans where a State or the U.S. Government is the employer"

---

[1] To the extent this challenge is a factual challenge to ERISA standing, rather than a facial one, the challenge may be renewed at summary judgment. The Court will not entertain a factual challenge concerning what the disputed contracts say without discovery into all applicable contracts here.

("PPACA-Governed claims") on the basis that those state claims are attempts to create a private cause of action pursuant to the claims regulations, which should not be permitted;

And it appearing that whether some or all of the contracts at issue contain terms that require compliance with the claims regulations, including any implied terms and assurances on formation, is not clear from the pleadings at this stage;

Therefore, the Court therefore denies Defendant' motion to dismiss breach of contract claims at this stage, see Am. Compl. ¶¶ 116-30;

And it appearing that Defendant also argues that Plaintiff's claim for non-ERISA claims are preempted by sovereign immunity under the Eleventh Amendment;

And it appearing that Defendant is not a sovereign;

And it appearing that whether Defendant was acting as an agent for the Federal and state governments, and acting within its authority pursuant to any such relationship, is an issue of fact that cannot be resolved at this stage;[2]

And Defendant finally argues that a variety of controlling contracts, including the Federal Service Benefit Plan and the OPM-BCBSA contract, expressly give Horizon the right to recoup overpayments;

---

[2] Defendant cites to Shands Teaching Hosp. and Clinics, Inc. v. Beech St. Corp., 208 F.3d 1308 (2000), for the proposition that non-state actors can be immune to suit under Eleventh Amendment sovereign immunity. For one, Shands explicitly says "[t]his is not to say that an agent of the government, be it federal or state, is totally immune to liability either in tort or in contract, or for actions exceeding their authority to act on the government's behalf." Id. at 1311. Plaintiff's alleges that Defendant violated its contractual obligations, entered into with the federal and state governments. If so, Defendant exceeded its authority to act on the government's behalf. Furthermore, Campo v. Kennedy, 517 F.3d 1070, 1080-81 (9th Cir. 2008), states that "state sovereign immunity does not extend to private entities." Defendant has not persuaded the Court that, based on the pleadings, it is clearly immune from suit as an agent of the state.

But it is not clear at this stage how or when such a right to recoup overpayments may be used, and whether Defendant recouped overpayments in a manner that was permissible under the contracts, so resolution of the contract disputes is premature without discovery;

Therefore, having considered the arguments of the parties and for good cause shown,

**IT IS** on this 30th day of October, 2015,

**ORDERED** that Defendant's Motion to Dismiss, Dkt. No. 42, is hereby **DENIED**.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**
